IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALICIA N. WATKINS,

    Plaintiff,

v.                                              Civil Action No. PX-17-0819

ANTHONY CARR, *et al.*,

    Defendants.

******

**MEMORANDUM OPINION**

Pending before the Court in this defamation action is a motion for summary judgment filed by Defendants Bright Mountain Media Group and JQPUBLIC (ECF No. 29), and a motion filed by pro se Plaintiff Alicia N. Watkins ("Watkins") for extension of time to file her opposition to summary judgment. ECF No. 34. The Court now rules because no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court GRANTS Plaintiff's motion for extension of time and GRANTS Defendants' motion for summary judgment.

**I.    Background**

Bright Mountain Media Group ("Bright Mountain") owns and operates JQPUBLIC ("JQP"), a website that hosts blogposts focused on the military and government, with particular attention paid to the Air Force. *See* ECF No. 7 at 3, ECF No. 29 at 4. On March 24, 2016, a blogpost was published on JQP concerning a public meeting between Watkins, an Air Force veteran, and then-presidential candidate Donald Trump ("Trump").[1] *After Trump Event, New Questions About Air Force Vet's Backstory*, John Q. Public (Mar. 24, 2016),

---

[1] Watkins' Complaint refers to the blogpost by name and purports to attach a hard copy of the post. ECF No. 1 ¶¶ 12, 16. The attachment is missing; however, the Court will treat the post as incorporated into the Complaint.

1

http://www.jqpublicblog.com/trump-event-new-questions-air-force-vets-backstory/ ("JQP Blogpost"). During a media event at Trump's hotel project in Washington, D.C., Watkins, wearing press credentials, asked Trump a question about veteran employment. *Id.* Trump brought Watkins to the podium, and after a brief conversation, offered her a job in his organization. *Id.* The blogpost links to news coverage of the exchange from, among others, CNN and Air Force Times. These reports questioned the authenticity of Watkins' supposed media credentials. *Id.*

The blogpost itself also questions the plausibility of Watkins' representations made to Trump and while appearing on other news and entertainment shows, to include the timing of Watkins' injuries in the September 11 terrorist attacks or in Afghanistan and the circumstances leading to her separation from the Air Force. *Id.* Notably, the blogpost was careful "[n]ot to outright label Watkins a liar or Charlatan," but rather aimed to "highlight ambiguities" unearthed in researching Watkins' historic representations about her service. *Id.* The blogpost ultimately acknowledged that "the remarkable story of Alicia Watkins," may be "totally legitimate," but nonetheless opined that the "endless string of assertions and inferences [], while strictly plausible, require us to stretch to believe them." *Id.*

Watkins filed this case against Bright Mountain, JQP, and Anthony Carr[2] (the ostensible author) based on this blogpost, asserting claims of false light, defamation, and intentional infliction of emotional distress.[3] ECF No. 1 at 4, 5, 7. As relief, Watkins seeks $30,000,000 in damages. *Id.* at 11.

---

[2] The docket does not include any proof that Defendant Carr was served process. Accordingly, Carr's claims may be subject to dismissal without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. However, Carr's claims, as pleaded, are identical to that of the properly served Defendants. For the reasons that follow, the Court grants summary judgment in favor of all Defendants, including Carr, on all claims.

[3] This case is one of five similar cases Watkins has filed in this Court. All other related cases have been dismissed. *See Watkins v. Washington Post*, No. PWG-17-818, 2018 WL 805394 (D. Md. Feb. 9, 2018) (dismissed

Bright Mountain and JQP (collectively, "Defendants") initially moved to compel arbitration based on the website's terms of use.  ECF No. 6.  The Court denied Defendants' motion to compel arbitration, ECF No. 19, and issued a discovery scheduling order.  ECF No. 23.  Watkins did not participate in discovery at all.  ECF No. 27.

At the close of the discovery period, Defendants moved for summary judgment.  ECF No. 29.   The Court held a status conference on September 5, 2018, and extended Watkins' time to respond to the motion for summary judgment until September 18, 2018.  ECF No. 32.  The Court also granted Watkins the opportunity to file a motion to reopen discovery for good cause.  *Id.*  Watkins did not move to reopen discovery.

Watkins thereafter moved for an extension of time to respond to the summary judgment motion.  ECF No. 34.  In it, Watkins explained that she had submitted a "partial and incomplete filing" on September 18, 2018, and requested additional time to supplement her response.   *Id.*  Because Plaintiff proceeds pro se, the Court grants the extension *nunc pro tunc* and considers Plaintiff's response at ECF No. 33.

**II.**     **Standard of Review**

Summary judgment is appropriate when the Court, construing all evidence and drawing all reasonable inferences in the light most favorable to the non-moving party, finds no genuine dispute exists as to any material fact, thereby entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011). Summary judgment must be granted "against a party who fails to make a showing sufficient to

---

for failure to state a claim); *Watkins v. Cable News Network, Inc*., No. GJH-17-780, 2018 WL 1970747 (D. Md. Apr. 25, 2018) (dismissed for failure to state a claim); *Watkins v. The Air Force Times, et al*., No. TDC-17-893 (dismissed for failure to show proof of citizenship to satisfy diversity jurisdiction); *Watkins v. Guardians of Valor LLC, et al.,* No. GJH-17-894 (dismissed for failure to effectuate service of process).

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In responding to a proper motion for summary judgment," the opposing party "must present evidence of specific facts from which the finder of fact could reasonably find for him or her." *Venugopal v. Shire Labs.*, 334 F. Supp. 2d 835, 840 (D. Md. 2004), *aff'd sub nom. Venugopal v. Shire Labs., Inc.*, 134 F. App'x 627 (4th Cir. 2005) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986); *Celotex*, 477 U.S. at 322–23)). Genuine disputes of material fact are not created "through mere speculation or the building of one inference upon another." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). Where a party's statement of a fact is "blatantly contradicted by the record, so that no reasonable jury could believe it," the Court credits the record. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. Analysis

#### A. Defamation

Defendants primarily argue that summary judgment should be granted in its favor because the Communications Decency Act ("CDA"), 47 U.S.C. § 230, exempts Defendants from suit as interactive service providers. *See Jefferson v. Zukerberg*, No. RDB-17-3299, 2018 WL 3241343, at *5 (D. Md. July 3, 2018). "The CDA bars the institution of a 'cause of action' or imposition of 'liability' under 'any State or local law that is inconsistent' with the terms of § 230." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009) (quoting 47 U.S.C. § 230(e)(3)). The statute provides, in relevant part, that "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The CDA therefore

4

bars plaintiffs from "holding interactive computer service providers legally responsible for information created and developed by third parties." *Nemet Chevrolet, Ltd.*, 591 F.3d at 254. However, an entity "can be both a service provider and a content provider," and therefore be subject to liability for the content that it helped to create or develop. *Hare v. Richie*, No. ELH-11-3488, 2012 WL 3773116, at *16 (D. Md. Aug. 29, 2012) (quoting *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1161–62 (9th Cir. 2008)). "While an overt creation of content is easy to identify, determining what makes a party responsible for the 'development' of content . . . is unclear, and the CDA does not define the term. Accordingly, courts often look to the totality of the circumstances in making the determination." *Russell v. Implode-Explode Heavy Indus. Inc.*, No. DKC 08-2468, 2013 WL 5276557, at *6 (D. Md. Sept. 18, 2013) (quoting *Ascentive, LLC v. Opinion Corp.*, 842 F.Supp.2d 450, 474 (E.D.N.Y.2011)). *See also Hare*, 2012 WL 3773116 at *19 (deferring the determination of CDA immunity until after discovery in order to "allow the creation of a factual record that will provide a better foundation for the Court to rule on the issue . . .").

Although Defendants seek CDA immunity, the record evidence viewed most favorably to Watkins does not demonstrate what role, if any, Defendants played in creating or developing the content of the post. Defendants did not, for example, submit affidavits or other documentary evidence to establish that it did not contribute or otherwise participate in the creation of the blogpost content. Nor can the Court consider as evidence Defendants' mere averments included within their pleadings. *See Bailey v. Bradford*, 12 F. Supp. 3d 826, 838 (S.D.W.Va. 2014) ("unsupported assertions by counsel in a memorandum [of law] are not evidence for purposes of moving for or opposing summary judgment."). Accordingly, the Court declines to reach whether Defendants are immune from suit under the CDA.

5

That said, Watkins' defamation claim still fails as a matter of law. To sustain a defamation claim, Watkins must establish that "(1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm." *Meaney v. Nationstar Mortg.*, No. TDC-16-2959, 2018 WL 1014927, at *14 (D. Md. Feb. 21, 2018) (citing *Gohari v. Darvish*, 767 A.2d 321, 327 (Md. 2001)).[4] "A defamatory statement is one 'which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or from associating or dealing with, that person.'" *Lindenmuth v. McCreer*, 233 Md. App. 343, 357 (2017) (quoting *Batson v. Shiflett*, 325 Md. 684, 722–23 (1992)). A statement is actionable in defamation only where the statement amounts to a "provably false fact or factual connotation." *Agora, Inc. v. Axxess, Inc.*, 90 F. Supp. 2d 697, 702 (D. Md. 2000), *aff'd*, 11 F. App'x 99 (4th Cir. 2001). Plaintiff bears the burden of proving the falsity of the allegedly defamatory statements. *Telnikoff v. Matusevitch*, 347 Md. 561, 594 (1997) (quoting *Jacron Sales Co. v. Sindorf*, 276 Md. 580, 596 (1976)). A statement is provably false only when shown to be "not substantially correct." *Piscatelli v. Smith*, 197 Md. App. 23, 37 (2011), *aff'd sub nom. Piscatelli v. Van Smith*, 424 Md. 294 (2012) (internal quotation marks and citations omitted). By contrast, questions or opinions, no matter how "embarrassing or unpleasant to its subject" do not constitute a *statement* the truth or falsity of which the parties may demonstrate through independent evidence. *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1094 (4th Cir. 1993).

---

[4] Watkins avers that she is a citizen of Maryland, ECF No. 1 ¶ 6, and "[i]n most [defamation] cases, the plaintiff's state of residence bears the most significant relationship to the incident and parties because that is where the plaintiff's reputation suffers the most." *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 699 (D. Md. 2011). Accordingly, Maryland substantive law applies to Watkins' defamation claim. *See Watkins v. Washington Post*, 2018 WL 805394 at *2 n.4; *Watkins v. Cable News Network, Inc.*, 2018 WL 1970747, at *4.

6

Watkins principally maintains that the blogpost is rife with "provably false factual connotation," sufficient to survive summary judgment.[5] In support, Watkins identifies as defamatory 26 separate passages of the blogpost. However, Watkins has not generated any evidence to prove any of this content is false or conveys a "provably false factual connotation." *Victor Stanley, Inc. v. Creative Pipe, Inc*., No. MJG-06-2662, 2008 WL 11367478, at *2 (D. Md. Jan. 10, 2008) ("In the summary judgment context, [claimants] must do more than provide . . . allegations, but must provide *evidence* adequate to support the defamation claim.") (emphasis in original). As attachments to her summary judgment opposition, Watkins provides on-line commentary to the post itself which does not advance whether the blogpost included provably false statements.

Watkins also provides a single page military form from 2011 which vaguely refers to injuries sustained in combat. ECF No. 33-1 at 1. Putting to the side questions of authenticity and reliability of a document which had never been produced in discovery, this record alone does not demonstrate the *falsity* of the blogpost. The record, at best, shows that Watkins was injured in combat and suffers lasting effects of such injuries. But the blogpost does not question whether Watkins was injured *at all*. Rather, the blogpost highlights that Watkins claimed combat injuries in connection with several missions have "varied over time." *See* JQP Blogpost.

Similarly, Watkins attaches a photograph which, viewed most favorably to her, references her in connection with a 9/11 war memorial, but does not demonstrate the falsity of the blogpost's representations. The attachment says nothing about Watkins' particular role in

---

[5] Watkins notably cribs most of her argument verbatim from the plaintiff's summary judgment opposition in *Eramo v. Rolling Stone LLC*, No.3:15-cv-00023-GEC, (W.D. Va.). *Compare* ECF No. 33 at 5-9 (Watkins case) with ECF No. 117 at 7-11 (Eramo case). *Brown v. Ocwen Loan Servicing, LLC*, No. PJM 14-3454, 2015 WL 5008763, at *1 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x 200 (4th Cir. 2016) ("A court may take judicial notice of docket entries, pleadings and papers. . .").

7

9/11 and so cannot undermine any of the questions raised in the post about whether she was injured in the 9/11 attacks. Neither attachment, alone or together, is sufficient to generate a triable issue of fact as to the falsity of any blogpost passages.

Separate from her response, Watkins also submitted a stand-alone affidavit, evidently for the Court's consideration in connection with this motion. ECF No. 35. The Court declines to consider the affidavit. Over the life of this case, Watkins totally abdicated her responsibility in exchanging discovery. Watkins did not respond to Defendants' request for production of documents, which included requests for her military records. ECF No. 27. Nor did Watkins respond to Defendants' attempts to work toward a meaningful exchange of discovery. *Id.* Even after the Court provided Watkins a final opportunity to justify reopening discovery for good cause (ECF No. 32), Watkins failed to do so. To be sure, much of Watkins' "attestations" could have been proven or disproven in discovery had she prosecuted her own case.[6] The Court will not reward Watkins' dereliction by allowing her to circumvent the discovery rules.

Alternatively, even if the affidavit were considered, it does not defeat summary judgment. At best, the affidavit amounts to wholly self-serving, unsupported conclusory statements. *Larken v. Perkins*, 22 F. App'x 114, 115 (4th Cir. 2001) (citing *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir.1989). *See also 2315 St. Paul St., LLC v. Hartford Fire Ins. Co.*, No. GLR-10-3641, 2012 WL 2450167, at *5 (D. Md. June 25, 2012), *aff'd*, 537 F. App'x 239 (4th Cir. 2013) ("a conclusory, self-serving affidavit that is without corroboration" and purports to contradict discovery provided by the opposing party is insufficient evidence to create a genuine dispute of material fact). Because a party's mere denials couched as evidence

---

[6] For example, Watkins claims to have been a student at Harvard University and to have undergone "facial reconstruction surgery" in 2014, facts which, if true, would be documented in school and medical records. Because Watkins failed to participate in the discovery process, Defendants have been deprived of any opportunity to investigate the truth of Watkins' assertions. ECF No. 35 ¶¶ 6-7.

8

cannot generate a disputed material fact for trial, summary judgment must be granted in Defendants' favor.

### B. False Light

For the same reasons, Watkins' false light claim also fails. As with defamation, the plaintiff bears the burden of showing that the information casting plaintiff in a "false light" is provably false. *Bagwell v. Peninsula Reg'l Med. Ctr*., 106 Md. App. 470, 514 (1995). *See also Piscatelli*, 197 Md. App. at 38 (quoting *Crowley v. Fox Broadcasting Co*., 851 F.Supp. 700, 704 (D. Md. 1994)). Because Watkins has failed to demonstrate that the blogpost included any provably false statements, summary judgment is granted in favor of Defendants on this claim as well.

### C. Intentional Infliction of Emotional Distress

As to Watkins's Intentional Infliction of Emotional Distress ("IIED") claim, Watkins has once again failed to marshal sufficient evidence to survive challenge. An IIED claim is reserved only for the most "opprobrious behavior that includes truly outrageous conduct . . . of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Doe v. Salisbury Univ*., 123 F. Supp. 3d 748, 759 (D. Md. 2015) (quoting *Ky. Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 326 Md. 663 (1992)); *Lasater v. Guttmann*, 194 Md. App. 431, 448 (2010) (internal citation omitted) (noting that "[i]n the 30 years since the Court of Appeals recognized the tort of IIED, it has upheld such claims only four times."). To sustain an IIED claim, Watkins must demonstrate that Defendants' conduct was so extreme and outrageous as to cause plaintiff severe emotional distress. *Lasater*, 194 Md. App at 448.

On the current record, Watkins has failed to produce sufficient evidence to save this claim. First, Defendants' publishing a blogpost alone is not the kind of "extreme and outrageous" conduct contemplated by this rarely invoked common law tort. *Cf. Figueiredo-*

9

*Torres v. Nickel,* 321 Md. 642, 653 (1991) (IIED claim where defendant, a psychologist, provided counseling services to married couple while also engaging in romantic and sexual relationship with the wife); *B.N. v. K.K.*, 312 Md. 135, 144 (1988) (IIED claim could proceed where physician, knowing he had herpes, infected nurse and never warned her in advance of having sex).  Second and equally fatal, Watkins provides no "'evidentiary particulars,' as to any physical or psychological conditions," or "or any treatments she may have received" as a result of Defendants' actions.  *Jones v. Family Health Centers of Baltimore, Inc.*, 135 F. Supp. 3d 372, 383–84 (D. Md. 2015) (quoting *Harris v. Jones*, 281 Md. 560, 380 A.2d 611, 617 (1977)).  Watkins' singular reference to emotional distress in her supplemental affidavit, even if accepted by this Court, is simply insufficient to allow the claim to proceed.  Summary judgment is granted in Defendants' favor.

### D. Conclusion

For the foregoing reasons, Plaintiff's motion for extension of time and Defendants' motion for summary judgment are GRANTED.  A separate Order follows.


12/13/2018  _____                                    /S/_____
Date                                                              Paula Xinis
                                                                  United States District Judge